
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10476 |
| Plaintiff-Appellee, | D.C. No. 4:17-cr-01723-JGZ-LCK-1 |
| v. | |
| PO YUNA CHOE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted January 24, 2020[**]
San Francisco, California

Before:  W. FLETCHER, R. NELSON, Circuit Judges, and SESSIONS,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable William K. Sessions III, Senior District Judge for the District of Vermont, sitting by designation.

Po Yuna Choe ("Choe") seeks to reverse her jury convictions for two counts of illegal transportation of an alien in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(I). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Off-duty Border Patrol Agent Daniel Kennedy called in a tip to dispatch after observing two individuals emerge from brush at the edge of a highway and enter a waiting vehicle near the U.S.-Mexico border. Dispatch forwarded that information, including a vehicle description, to on-duty Border Patrol Agent Matthew Vincent. Agent Vincent stopped Choe's vehicle, which matched the description. In Choe's backseat, Agent Vincent found two Mexican citizens without legal documentation to be in the United States.

1. Choe argues the district court erroneously admitted hearsay and violated the Confrontation Clause by receiving as evidence statements from the aliens' guide, who described via telephone the type of vehicle that would come pick them up. The parties disagree about whether Choe timely objected, and accordingly, about the appropriate standard of review. Because we hold that the district court did not err, we need not address this issue. The district court properly admitted the at-issue statements, which either are not hearsay (because they were admitted to show the effect on the listener, rather than to prove the truth of the matter asserted) or meet a hearsay exception (because they were a present sense impression). *See* FED. R.

EVID. 801(c), 802, 803(1); *see also United States v. Morales*, 720 F.3d 1194, 1201 (9th Cir. 2013) (holding that this court may affirm the district court's admission of evidence on any basis supported by the record).

Moreover, the statements' admission did not violate the Confrontation Clause, which "forbids admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had a prior opportunity for cross-examination." *United States v. Macias*, 789 F.3d 1011, 1017 (9th Cir. 2015) (internal quotation marks omitted); *see* U.S. CONST. amend. VI. The Confrontation Clause does not protect against the admission of nontestimonial statements such as the guide's, even if they lack indicia of reliability. *See Crawford v. Washington*, 541 U.S. 36, 51–52 (2004) (describing testimonial statements); *Whorton v. Bockting*, 549 U.S. 406, 419–20 (2007) (describing "*Crawford*'s elimination of Confrontation Clause protection against the admission of unreliable out-of-court nontestimonial statements").

2. Choe also argues that the district court erred when it ruled on her motions to suppress and dismiss the indictment without hearing testimony from off-duty Agent Kennedy, who tipped off dispatch. We review the district court's decision for abuse of discretion. *Cf. United States v. Cook*, 808 F.3d 1195, 1201 (9th Cir. 2015) ("We review the district court's denial of an evidentiary hearing [on a motion to

3

suppress] for abuse of discretion."). There were no contested issues of fact as to what Agent Vincent knew when he stopped Choe's car. Agent Vincent himself testified, and Agent Kennedy's testimony would have added little. *See United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000) (holding that evidence on a motion to suppress is needed "only when the moving papers allege facts" that "enable the trial court to conclude that contested issues of fact exist").

We review de novo Choe's claim that the district court's reasonable suspicion determination was erroneous. *United States v. Raygoza-Garcia*, 902 F.3d 994, 999 (9th Cir. 2018). We hold that the totality of the circumstances—which include the information from dispatch as well as the car's proximity to the border and its location in an area commonly used for smuggling—indicates that Agent Vincent had reasonable suspicion to stop Choe's vehicle. *See United States v. Guzman-Padilla*, 573 F.3d 865, 881 (9th Cir. 2009) (listing factors to be considered in a Border Patrol search); *United States v. Hall*, 974 F.2d 1201, 1204 (9th Cir. 1992) (holding that the totality of the circumstances includes "the collective knowledge of the officers involved").

3. Finally, Choe argues that her defense was entitled to a "mere presence" jury instruction, which the district court refused. We review de novo a claim that the district court's instructions did not adequately cover the theory of the defense.

4

*United States v. Tucker*, 641 F.3d 1110, 1122 (9th Cir. 2011).  We hold that the district court properly refused the "mere presence" instruction on two grounds.  First, the government's case rested on more than just Choe's presence, and the jury was properly instructed on all of the elements of her crimes of conviction.  *See United States v. Reed*, 575 F.3d 900, 925 (9th Cir. 2009).  Second, Choe's "mere presence" theory was covered by the district court's instruction on the elements of her crimes, which required the jury to find that she "knowingly transported or moved [the aliens] in order to help [them] remain in the United States illegally."  *See Tucker*, 641 F.3d at 1122.  We presume the jury followed those instructions.  *Weeks v. Angelone*, 528 U.S. 225, 234 (2000).

**AFFIRMED**.